[No. 2522.]

JIM CALVERT v. THE STATE.

1. DISTURBING RELIGIOUS WORSHIP — EVIDENCE—PRACTICE.—Over objec-
tion of the defendant, the State was permitted to ask a witness if the
manner in which the defendant called the witness a d—d liar was calcu-
lated to disturb the congregation. The witness answered that it was; to
which answer the defendant also objected. *Held*, that both objections
were well taken, inasmuch as, under the facts in this case, the evidence
may have had material weight in influencing the jury to convict.
2. SAME—"Why was it that the defendant called you a d—d liar?" and
"What had you said and done?" were questions competent to be asked
by the defense in mitigation of punishment, but not in justification.

APPEAL from the County Court of Jack. Tried below be-
fore the Hon. T. M. Jones, County Judge.

The opinion discloses the nature of the case. A fine of twenty-
five dollars was assessed by a verdict of conviction.

J. W. Kee, for the State, testified that the people of the
neighborhood assembled at the Salt creek school house, in Jack
county, for religious services, on the third Sunday in May, 1882.
They aggregated quite a large number. Some were inside of
the school house, and a number were seated on a log some twen-
ty-five or thirty feet from the house. It was the custom for
people to sit on this log before services, or when the house was
crowded. At this time services had not commenced. There
had as yet been neither preaching, praying nor singing. Some
ten or twelve persons were then seated on the log. There and
then, in the course of a conversation, the defendant, in an angry
and violent manner, and in a tone of voice loud enough to have
been heard by the people in the school house door, said to the wit-
ness: "It is a d—d lie!" The men seated on the log got up, but
the witness did not know whether or not they were disturbed.
Over objection of the defendant, the prosecuting attorney was
here permitted to ask the witness whether or not the defendant
spoke the words used in a manner calculated to disturb the con-
gregation; and, over the same objection, the witness was per-
mitted to reply in the affirmative.

On cross-examination, the defense asked the witness what

caused the defendant to call the witness a "d—d liar," and what the witness had done or said to the defendant. The State objected and the witness was not permitted to answer.

H. C. Kee testified, for the State, that he and his wife attended church at the school house on the day referred to in the information. The witness was sitting on the log next to the defendant, when the defendant said to J. W. Kee: "It is a d—d lie." The witness, who was one of the congregation assembled for religious worship, was disturbed, and, with others of the ten or twelve persons who were seated on the log, he got up. He did not know that others were disturbed, though they seemed to be.

Jesse Leatherman, J. M. Calvert and E. L. Meyers testified, for the defense, that they were acquainted with the reputation of J. W. Kee for truth and veracity. It was bad, and they would not believe him on oath. Meyers testified that he was one of the congregation assembled at the school house on the day referred to, and heard the defendant tell J. W. Kee: "It is a d—d lie." Those on the log got up, and Kee and defendant started off. Defendant spoke in a harsh manner. Witness was not disturbed, and did not know that others were.

H. Bruton testified that he occupied a seat in the school house farthest from the log on which several parties were seated before services commenced. He did not hear the defendant call J. W. Kee a d—d liar. He was not disturbed and knew of no one that was.

The motion for new trial attacked the verdict as contrary to law and evidence.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. This conviction was for disturbing a congregation assembled for religious worship. The disturbance is charged to have been done by "cursing and swearing in a loud and vociferous manner."

The State, over objection of defendant, was permitted to ask J. W. Kee this question: "Was the manner in which the defendant spoke, when he called you a d—d liar, calculated to disturb the congregation?" Witness answered: "It was in a manner calculated to disturb the assembled congregation." Defendant objected to the answer as well as the question. We are

·of the opinion that the objections were both well taken, inasmuch as, under the facts in this case, the evidence may have had material weight in influencing the finding of the jury.

Defendant propounded to J. W. Kee this question: ·"Why was it that defendant called you a d—d liar? What had you ·done or said?" To this question the State objected, and the objection was sustained by the court. ' Not as a justification, but ·in mitigation of the punishment, we think this question was legal and should have been allowed. The other assignments are not well taken.

For the errors above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 5, 1883.